**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL A. HICKS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1082** (BOR Appeal No. 2050380)
                       (Claim No. 2013004203)

**OILFIELD TRUCKING SOLUTIONS,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Michael A. Hicks, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Oilfield Trucking Solutions, by Matthew L. Williams, its attorney, filed a timely response

This appeal arises from the Board of Review's Final Order dated October 14, 2015, in which the Board affirmed a March 31, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 24, 2014, decision to deny the request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is in clear violation of a statutory provision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Hicks, a water truck driver for Oilfield Trucking Solutions, was maneuvering a hose on July 4, 2012, when he felt a sharp pull in his abdomen. It was later discovered that he developed an umbilical hernia. He applied for benefits and his claim was held compensable by the claims administrator for an umbilical hernia on August 30, 2012. The claims administrator determined that Mr. Hicks was ineligible for temporary total disability benefits because he did not initially introduce sufficient evidence showing he was unable to work.

1

Mr. Hicks was primarily treated by Ronald Pearson, M.D., for his hernia and initially was not a candidate for surgery. Mr. Hicks also had consultations with Marc Costa, M.D., and Kessa D. Thorpe, PA-C. Ms. Thorpe stated that Mr. Hicks did not ask for temporary total disability benefits and had worked since the day of his injury. She noted that the only day of work he missed was the date he was initially examined. On December 6, 2012, office notes from Ms. Thorpe showed that she examined Mr. Hicks for non-work-related conditions. Mr. Hicks advised her that he had reinjured his stomach several times from wrestling cattle. Ms. Thorpe advised him to decrease the amount of lifting, pulling on cattle, and moving bales of hay. Eventually, it became apparent that Mr. Hicks required surgery. On July 21, 2014, the claims administrator granted the request for surgery.

On September 2, 2014, Mr. Hicks requested that he be granted temporary total disability benefits from August 1, 2012, through April 1, 2013, and from June 15, 2013, until January 15, 2015. Then on September 5, 2014, Mr. Hicks underwent a successful surgery. The claims administrator denied Mr. Hicks's request for temporary total disability benefits because it determined that he retired from his job.

The Office of Judges determined that the claims administrator properly denied temporary total disability benefits for the periods of August 1, 2012, through April 1, 2013, and from June 15, 2013, through January 15, 2015. The Office of Judges addressed Mr. Hicks's assertion that he was forced to retire because of the compensable injury. The Office of Judges found that Mr. Hicks indicated in his reopening application dated September 2, 2014, that he retired and began receiving retirement Social Security benefits on August 1, 2012. The Office of Judges cited to West Virginia Code of State Rules § 85-1-5.2 (2009) which provides:

> If an individual retires, as long as the individual remains retired, he or she is disqualified from receiving temporary total disability indemnity benefits as a result of an injury received from the place of employment from which he or she retired, unless the application for benefits was received prior to his or her retirement.

The Office of Judges found that although Mr. Hicks now states in his latest application dated September 2, 2014, that he was forced to retire, there was no such allegation in a previous application dated December 29, 2012. The Office of Judges also noted that the December 29, 2012, application was submitted several months after he had retired. The Office of Judges found that the assertion of a forced retirement, which was made more than two years after his retirement, was not persuasive. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we find that the decision should be remanded to the Office of Judges for further analysis under West Virginia Code of State Rules § 85-1-5.2. Mr. Hicks testified that he returned to work on April 19, 2013, and his claim reopening application indicated that he had a current employer. Because the Office of Judges did not discuss these factors pursuant to West Virginia Code of State Rules § 85-1-5.2, the case has not been fully considered.

For the foregoing reasons, we find that the decision of the Board of Review is in clear violation of a statutory provision. Therefore, the claim is remanded with instructions to issue a decision that fully examines the impact of West Virginia Code of State Rules § 85-1-5.2.

Reversed and Remanded.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II